## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONIA SCOTT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5412** |
| | : | |
| **RAYMOND TONKIN,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**ROBRENO, J.**                                    **DECEMBER 9, 2020**

Plaintiff Tonia Scott, a prisoner currently confined at the Norristown State Hospital in connection with criminal charges pending against her in Pike County, filed this civil action against Pike County District Attorney Raymond Tonkin and Jessica Keith, identified in the Complaint as the CEO of Norristown State Hospital.  For the following reasons, the Court will dismiss Scott's Complaint pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous and for failure to state a claim.

## I.      FACTUAL ALLEGATIONS[1]

Scott has been charged with numerous offenses, including aggravated assault, terrorism, criminal trespass, defiant trespass, firearms offenses, simple assault, and harassment, in three separate criminal matters pending before the Court of Common Pleas for Pike County, Pennsylvania.  *See Commonwealth v. Scott*, Docket Nos. CP-52-CR-0000096-2020, CP-52-CR-0000211-2020, CP-52-CR-0000687-2019 (C.P. Pike).  The docket sheets for these matters

---

[1] The following allegations are taken from Scott's Complaint, exhibits attached thereto, and public dockets of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

reflect that Scott was recently found incompetent to stand trial and committed to the Norristown State Hospital for treatment.[2]  *See id.*

Scott's claims in the instant matter concern her prosecution in Pike County and her related confinement at the Norristown State Hospital.  Scott identifies herself as the Principal Chief of the Saw Creek and Pine Ridge Indian communities.  (ECF No. 2 at 5.)[3]  Scott alleges that on November 18, 2019, she and "tribal officials were illegally and unlawfully arrested by over twenty (20) Pennsylvania State Police Officers on the Pike County Land recorded Indian Title of Pine Ridge" upon which the officers were allegedly trespassing.  (*Id.*)  She alleges that District Attorney Tonkin initiated false charges against her to "extort" her "into the Commonwealth of Pennsylvania's civil and criminal jurisdiction."  (*Id.* at 3.)  That allegation appears to be predicated on Scott's assertion that "the Saw Creek and Pine Ridge Indian Communities Tribal Government has Not contracted with the Commonwealth of Pennsylvania for Assumption by State of Criminal Jurisdiction."  (*Id.* at 13 (emphasis in original).)  In short, she believes that the Pike County Court of Common Pleas lacks jurisdiction to prosecute her for the crimes with which she is charged.

---

[2] The Court recognizes that it has an obligation to protect an "incompetent person who is unrepresented in an action."  *See* Fed. R. Civ. P. 17(c)(2).  Because Scott has been adjudicated incompetent by the state court, appointment of a guardian *ad litem*, attorney, or other representative would appear to be required in the above-captioned case if it proceeded past screening.  *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012).  However, the Court may still conduct a screening pursuant to the PLRA consistent with Rule 17.  *See id.* at 307 (noting that "[i]n the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)"); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (noting that the district court did not abuse its discretion by not appointing a guardian pursuant to Rule 17 because it properly dismissed the complaint under screening provisions).

[3] The Court adopts the pagination assigned to Scott's submissions by the CM/ECF docketing system.

As a result of the charges, Scott claims she has been falsely imprisoned in two institutions, the Pike County Correctional Facility ("PCCF")[4] and Norristown State Hospital, where she has been held since October 14, 2020.  (*Id.* at 3.)  Scott alleges that she is being held at Norristown State Hospital without her consent or a contract.  (*Id.*)  She also claims she lost unspecified personal property when it was unlawfully seized by the Pennsylvania State Police. (*Id.* at 5.)

Scott indicates that she is bringing constitutional claims pursuant to 42 U.S.C. § 1983.[5] (*Id.* at 3.)  She seeks the following injunctive relief:  (1) suspension of the all criminal charges; (2) release from custody/"restrain[t]" of her imprisonment at Norristown State Hospital; and (3) "an injunction to have her personal property returned to her that was unlawfully and illegally seized by the Pennsylvania State Police."  (*Id.* at 5 & 14.)  Scott subsequently submitted numerous exhibits and letters, which pertain to proceedings in her Pike County criminal cases

---

[4] At times in her Complaint and exhibits, Scott discusses the conditions at PCCF.  (*See* ECF No. 2 at 6.)  None of these allegations support a legal basis for a claim against the Defendants named in this lawsuit.  Accordingly, the Court does not read the Complaint to raise claims based on Scott's conditions of confinement at PCCF.  In the event Scott seeks to raise any such claims, she must do so in a new lawsuit filed in the United States District Court for the Middle District of Pennsylvania, which is the proper venue for any such claims.  *See* 28 U.S.C. §§ 118(b) & 1391.

[5] Scott also cites 18 U.S.C. § 241 and § 242, (ECF No. 2 at 3), but these are criminal statutes that do not give rise to civil claims for liability, so any claims under these statutes lack a legal basis. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez.").

and reassert that she is being held at Norristown State Hospital without her consent, and a brief in support of her Complaint.[6]  (ECF Nos. 4-10 & 12.)

Prior to filing her Complaint in this Court, Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania.  In evaluating that petition, Judge Kane dismissed without prejudice any claims Scott raised on behalf of others, dismissed Scott's claims challenging the conditions of confinement at PCCF without prejudice to her raising those claims in a separate lawsuit, and directed Scott to file an amended petition.  *See Scott v. Pike Cty. Corr. Facility*, Civ. A. No. 20-828, 2020 WL 5548721, at *1 (M.D. Pa. Sept. 16, 2020).  Scott filed an amended habeas petition, which Judge Kane ultimately dismissed without prejudice because Scott "failed to demonstrate the extraordinary circumstances necessary for the Court to excuse her failure to exhaust and adjudicate her claims for relief on the merits."  *Id.* at *3.

Following the dismissal of her habeas petition, Scott was transferred to Norristown State Hospital.  She thereafter filed the instant lawsuit and an identical lawsuit in the Middle District of Pennsylvania, which Judge Kane dismissed upon screening for the following reasons.  *See Scott v. Tonkin*, Civ. A. No. 20-02067, 2020 WL 6940828, at *1 (M.D. Pa. Nov. 25, 2020).  First, the court concluded that to the extent Scott sought release from custody, such relief was not available to her in a § 1983 action.  *Id.* at *3.  Second, the court concluded that it could not intervene in Scott's pending criminal cases. *Id.* at *3-*4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Third, the court dismissed any claims raised pursuant to 18 U.S.C. § 241 and § 242

---

[6] Scott also filed a Motion in which she seeks leave to file electronically and for the Court to release her on bail.  (ECF No. 11.)  The request for bail is denied for the reasons discussed below.  The Court will also decline in its discretion to permit Scott to file documents electronically in this case.

because neither of those statutes creates a civil cause of action.  *Id.* at *4.  Fourth, the court rejected Scott's request for an injunction against the officers who seized her property because she had not named those officers as defendants and, in any event, failed to allege that she had taken advantage of available state procedures or that those procedures were defective.  *Id.*  Fifth, the court concluded that Tonkin was entitled to absolute prosecutorial immunity.  *Id.*  Finally, the court dismissed Scott's claims against Keith without prejudice to Scott's ability to pursue those claims in her instant lawsuit, where venue over those claims was proper.  *Id.* at *5.

## II.   STANDARD OF REVIEW

Scott seeks to proceed *in forma pauperis* in this matter but, as she is a prisoner for purposes of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(h), she was required to submit a certified copy of her prison account statement from any facility in which she was confined for the six-month period prior to filing her Complaint.  *Id.* § 1915(a)(2).  Regardless, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id*. § 1915A(b)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an

indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir.

1995).   To survive dismissal for failure to state a claim, a complaint must contain "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   As Scott is proceeding *pro se*, the Court

construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

#### A.  Claims Seeking Release and Dismissal of Criminal Charges

The primary gist of Scott's Complaint is that she seeks release from Norristown State

Hospital and/or dismissal of the charges pending against her in Pike County on the basis that the

Commonwealth lacks jurisdiction over her because of her Native American heritage and/or the

status of the land upon which she was arrested.  In other words, she is challenging the legality of

her custody, which is based on the pending criminal charges in Pike County.  When a prisoner

"is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he

seeks is a determination that [s]he is entitled to immediate release or a speedier release from that

imprisonment, h[er] sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*,

411 U.S. 475, 500 (1973).  A request for dismissal of criminal charges is akin to a request for

release so that relief, too, is only available through a habeas petition.  *See Jaffery v. Atl. Cty.*

*Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (per curiam) ("[T]o the extent Jaffery

seeks dismissal of the charges against him as a result of constitutional violations, such relief is

only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d

Cir. 2010) (per curiam) ("[T]o the extent that Duran is seeking dismissal of the charges against

him as a result of constitutional violations, he is essentially asking for relief only available

through habeas corpus.").

In any event, the Court will abstain from interference in Scott's state criminal proceedings.   In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005); *see also PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* applies when the underlying state case is a criminal prosecution).  *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).  The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

The requirements for *Younger* abstention are clearly met in this case.  First, the criminal proceedings against Scott are still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the criminal proceedings provide Scott an adequate opportunity to argue in the state forum for dismissal of the charges. *See Jaffery*, 695 F. App'x at 40-41 (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution"); *Duran*, 399 F. App'x at 758-59 ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").

For the above reasons, the Court will dismiss Scott's challenges to her pending criminal proceedings and her related custody without prejudice to her raising her challenges in her state criminal proceedings or in a habeas petition filed in the Middle District of Pennsylvania after exhaustion of state remedies. *See Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015) (per curiam) (explaining that non-merit based dismissals, such as a dismissal pursuant to *Younger* must be without prejudice); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1973) (discussing venue in the context of habeas petitions).

**B. Seizure of Personal Property**

Scott also requests an injunction directing the Pennsylvania State Police officers who seized her unspecified property upon arrest to return that property to her. Initially, any claims based on the deprivation of her property by police officers fails because Scott has not named those officers as Defendants in this case. In dismissing Scott's identical claims in her case in the Middle District of Pennsylvania, the court construed the complaint as raising a due process claim and dismissed the claim as meritless as follows:

> "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Moreover, "if negligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable, it follows that intentional deprivations do not violate that Clause provided, of course, that adequate state post-deprivation remedies are available." *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

> In Pennsylvania, "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that [s]he is entitled to lawful possession thereof." *See* Pa. R. Crim. P. 324(a). This motion must be "filed in the Court of Common Pleas for the judicial district in which the property was seized." *See id.* In the instant case, Plaintiff does not indicate that she filed a motion for return of her property in state court, nor does Plaintiff challenge the adequacy of Pennsylvania's procedure for the return of property. Thus, she has failed to state a claim for relief pursuant to the

Fourteenth Amendment's Due Process Clause. *See Gulley v. Haymaker*, No. 06-131J, 2009 WL 763549, at *12 (W.D. Pa. Mar. 23, 2009).

*Scott*, 2020 WL 6940828, at *4.  So too here.  Accordingly, the Court will dismiss claims based on Scott's personal property without prejudice to her right to pursue the return of her property in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Scott's Complaint as legally baseless and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  Scott will not be permitted to file an amended complaint because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  However, the case will be dismissed without prejudice to Scott challenging her prosecution in state court, seeking the return of her property in state court, and/or filing a federal habeas petition in the Middle District of Pennsylvania after exhausting state remedies.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

9