IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONIA SCOTT,<br>    Plaintiff,<br><br>v.<br><br>RAYMOND TONKIN, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:     CIVIL ACTION NO. 20-CV-5412<br>:<br>:<br>: |

**MEMORANDUM**

**ROBRENO, J.**                                                                                          **FEBRUARY 5, 2021**

Currently before the Court are Plaintiff Tonia Scott's petitions to reconsider the Court's dismissal of her Complaint in this civil rights action and her petition to remove her state criminal proceedings to this Court. (ECF Nos. 23-25.) For the following reasons, the Court will deny those petitions and summarily remand Scott's criminal actions to the Pike County Court of Common Pleas.

**I.       PROCEDURAL HISTORY AND PENDING PETITIONS**

Scott is currently confined at the Norristown State Hospital in connection with criminal charges pending against her in Pike County. *See Commonwealth v. Scott*, Docket Nos. CP-52-CR-0000096-2020, CP-52-CR-0000211-2020, CP-52-CR-0000687-2019 (C.P. Pike). Her Complaint in this case raised constitutional claims pursuant to 42 U.S.C. § 1983 against Pike County District Attorney Raymond Tonkin and Jessica Keith, identified in the Complaint as the CEO of Norristown State Hospital, based on the criminal proceedings in Pike County, Scott's related confinement, and property seized from her. Scott sought release from custody and suspension of the criminal charges in Pike County based on allegations that the Commonwealth

lacked jurisdiction to prosecute her.  She also sought return of the property seized upon her arrest in Pike County by troopers of the Pennsylvania State Police.

In a December 9, 2020 Memorandum and Order, the Court dismissed Scott's Complaint pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous and for failure to state a claim.  The Court dismissed Scott's claims seeking release from custody and dismissal of the charges against her in Pike County because such claims must be pursued in a *habeas* petition rather than a civil rights action.  *See Scott v. Tonkin*, Civ. A. No. 20-5412, 2020 WL 7240447, at *3 (E.D. Pa. Dec. 9, 2020).  In any event, the Court found it appropriate to "abstain from interference in Scott's state criminal proceedings."  *Id.* at *4.  To the extent Scott sought return of property seized by Pennsylvania State Police upon her arrest in Pike County, the Court dismissed her claims because she had not named any troopers as Defendants and, in any event, failed to state a due process claim because she could seek return of her property in state court.  *Id.* at *5.  Although the Court dismissed Scott's Complaint, it did so "without prejudice to Scott challenging her prosecution in state court, seeking the return of her property in state court, and/or filing a federal habeas petition in the Middle District of Pennsylvania after exhausting state remedies."  *Id.*  The Court also noted that some of Scott's allegations concerned conditions in which she was confined at the Pike County Correctional Facility, which did not support a basis for a claim against the named Defendants, and that, if Scott intended to raise claims based on events at that facility "she must do so in a new lawsuit filed in the United States District Court for the Middle District of Pennsylvania, which is the proper venue for any such claims."  *Id.* at *2 n.4.

In dismissing Scott's Complaint, the Court observed that:

> Prior to filing her Complaint in this Court, Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania.  In evaluating that petition, Judge Kane dismissed without prejudice any claims Scott raised on behalf of others, dismissed Scott's claims

        challenging the conditions of confinement at PCCF without prejudice to her
raising those claims in a separate lawsuit, and directed Scott to file an amended
petition. *See Scott v. Pike Cty. Corr. Facility*, Civ. A. No. 20-828, 2020 WL
5548721, at *1 (M.D. Pa. Sept. 16, 2020). Scott filed an amended habeas petition,
which Judge Kane ultimately dismissed without prejudice because Scott "failed to
demonstrate the extraordinary circumstances necessary for the Court to excuse her
failure to exhaust and adjudicate her claims for relief on the merits." *Id.* at *3.

*Scott v. Tonkin*, 2020 WL 7240447, at *2 (E.D. Pa. Dec. 9, 2020). Scott had also filed an identical § 1983 Complaint in the Middle District of Pennsylvania, which was dismissed upon screening. *Id.* at *3.

        Turning back to the instant case, following dismissal of the Complaint, the Court received two "Petitions to Reconsider" from Scott, which appeared to seek an extension of time for Scott to seek reconsideration of the dismissal of her Complaint. (ECF Nos. 16 & 17.) The Court denied the extension request, because it was unable to grant such relief, *see* Fed. R. Civ. P. 6(b)(2), and ruled that to the extent these filings could be construed as motions for reconsideration, they failed to meet the standard for relief. (*See* ECF No. 19.) Scott thereafter filed a "Petition to dismiss with Prejudice, Petitioner Criminal Charges and Release Personal Property." (ECF No. 20.) The Court denied that petition because it essentially repeated the allegations in Scott's Complaint and failed for the same reasons.[1] (ECF No. 21.)

        On January 25, 2021, the Court received a "Petition to Reconsider" dated December 31, 2020, which was mailed in an envelope post-marked January 4, 2021. (ECF No. 23.) It appears that this filing was delayed in the mail. (*See* ECF No. 22.) Scott subsequently submitted another "Petition to Reconsider" asking the Court to remove her state criminal prosecution to this Court.

---

[1] It appears Scott also filed this document in her criminal proceedings. *See Commonwealth v. Scott*, Docket Nos. CP-52-CR-0000096-2020, CP-52-CR-0000211-2020, CP-52-CR-0000687-2019.

(ECF No. 24.) She then filed a "Petition to Remove State Criminal Prosecution into the U.S. District Court Add Defendants and A Change of Venue." (ECF No. 25.) At the same time, Scott filed a new petition for a writ of *habeas* corpus, pursuant to 28 U.S.C. § 2241, which was docketed as a new case. *See Scott v. Commonwealth of Pa.*, Civ. A. No. 21-438 (E.D. Pa.). Judge Kearney recently transferred that petition to the Middle District of Pennsylvania, finding transfer appropriate regardless of whether Scott was pursuing claims under § 2241 or whether she was attempting to file a complaint pursuant to § 1983. *Id.* (Feb. 4, 2021 Order).

## II. SCOTT IS NOT ENTITLED TO RELIEF

A prisoner's submission is considered filed at the time she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court's final judgment was entered on December 9, 2020. (ECF No. 15.) Since Scott's first "Petition to Reconsider" is dated December 31, 2020 and was mailed January 4, 2021, (ECF No. 23), it was filed within the twenty-eight-day time-period set by Federal Rule of Civil Procedure 59(e). Scott's "Petition to Remove State Criminal Prosecution into the U.S. District Court Add Defendants and A Change of Venue," raises essentially the same or similar arguments and allegations as the first "Petition to Reconsider," so the Court will consider the two motions together.[2]

Scott's Petitions seek assorted relief. The lengthy filings seek *habeas* relief (or construction of Scott's filings as a *habeas* petition), removal of Scott's criminal proceedings pursuant to 28 U.S.C. § 1455, and to add various defendants to assert claims against them under

---

[2] Scott's second "Petition to Reconsider," dated as "resubmitted" January 21, 2021 and mailed January 22, 2021, (ECF No. 24), is not timely under Rule 59(e) and may be denied on that basis. In any event, it is a one-page document that does not provide any basis for reconsideration or other relief.

§ 1983.  Scott's allegations pertaining to these additional defendants can be grouped into the following general categories:  (1) those concerning her November 18, 2019 arrest in Pike County and the seizure of her property and general treatment by Pennsylvania State Police; (2) those concerning her criminal prosecution in Pike County; (3) those concerning the conditions at the Pike County Correctional Facility, where Scott was incarcerated following her arrest on November 18, 2019 until she was transferred to Norristown State Hospital; (4) those concerning her custody at Norristown State Hospital; and (5) those concerning the conditions at Norristown State Hospital.  She also asks this Court to transfer her § 1983 claims to a federal court in New York pursuant to 28 U.S.C. § 1404(a), and for the appointment of counsel.  Scott's primary goal, however, appears to be release from imprisonment.

A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Scott's Petitions do not allege a clear error of law or fact that would entitle her to reconsideration.  Having reviewed Scott's Complaint, the Court did not err in construing the pleading under § 1983.  Scott used the Court's form complaint to be used for a prisoner claiming violation of her civil rights, indicated by checking the appropriate location on the form that she raised claims under § 1983, and invoked criminal statutes analogous to § 1983.  (ECF No. 2 at 3.)  Indeed, the United States District Court for the Middle District of Pennsylvania, when presented with the same pleading, also understood Scott to be pursuing her claims under § 1983.  *See Scott v. Tonkin*, Civ. A. No. 20-02067, 2020 WL 6940828, at *1 (M.D. Pa. Nov. 25, 2020).  In any event, the Court dismissed Scott's Complaint without prejudice to her filing a *habeas*

petition pursuant to § 2241, and she has since done so.  *See Scott v. Commonwealth of Pa.*, Civ. A. No. 21-438 (E.D. Pa.).  For all of these reasons, Scott is not entitled to reconsideration on this issue.  To the extent she seeks to pursue *habeas* relief, she must do so in her pending *habeas* petition rather than by filing repeated requests in this case.

Scott's Petitions raise numerous arguments and allegations that were not contained in her initial pleading.  However, they do not advance an argument that the Court erred in dismissing Scott's § 1983 claims against the named Defendants because they sought improper relief, did not state a claim, or appeared to concern events involving other individuals that took place in the Middle District.  To the extent Scott seeks reconsideration so that she may pursue numerous claims against assorted defendants based on a range of unrelated events, she has not shown an entitlement to reconsideration.

Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if:  (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action."  "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'"  *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit."  *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted).  "Thus multiple claims against a single party

are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

As noted above, Scott seeks to pursue claims against defendants (apparently pursuant to § 1983) who were not originally identified as parties to this action, based on allegations pertaining to five general categories: (1) Scott's November 18, 2019 arrest in Pike County and the seizure of her property and general treatment by Pennsylvania State Police; (2) Scott's criminal prosecution in Pike County; (3) the conditions of confinement at the Pike County Correctional Facility, where Scott was incarcerated following her arrest on November 18, 2019 until she was transferred to Norristown State Hospital; (4) Scott's custody at Norristown State Hospital; and (5) the conditions at Norristown State Hospital. For the reasons stated in the Court's Memorandum dismissing Scott's Complaint, any challenges to Scott's custody or seeking dismissal of the criminal charges against her must be pursued in a *habeas* petition filed pursuant to § 2241, and she is already proceeding on such a petition. Scott's challenges to her arrest in Pike County, her prosecution in Pike County, and the conditions of confinement at the Pike County Correctional Facility must be pursued "in a new lawsuit filed in the United States District Court for the Middle District of Pennsylvania, which is the proper venue for any such claims."[3] *Scott*, 2020 WL 7240447, at *2 n.4; *see also* 28 U.S.C. §§ 118(b) & 1391(b). To the extent Scott seeks to raise claims against employees of Norristown State Hospital based on her treatment

---

[3] The earliest date of events giving rise to Scott's claims is the date of her arrest, November 18, 2019. Scott is informed that a two-year statute of limitations applies to civil rights claims under 42 U.S.C. § 1983. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since it appears the statute of limitations has not yet run on Scott's claims, she will not be prejudiced by having to replead them in a new lawsuit filed in the proper district, rather than in the context of a motion for reconsideration raising numerous new claims in an improper venue that should not proceed together.

there and/or the conditions of her confinement — new claims based on subject matter distinct from the subject matter of her initial Complaint — she must do so by initiating a new civil action by filing a proper Complaint in accordance with the Federal Rules of Civil Procedure.[4]  In other words, Scott is not entitled to reconsideration of this Court's judgment, which correctly dismissed the claims in her initial Complaint, so that she may pursue new claims against new defendants.

Scott also seeks to remove her three criminal prosecutions from the Pike County Court of Common Pleas to this Court pursuant to 28 U.S.C. § 1455 based essentially on arguments that the Commonwealth lacks jurisdiction to prosecute her.  Under that statute, when a defendant in a state criminal case attempts to remove the case to federal court, the federal district court must promptly examine the Notice of Removal and determine whether the case can properly be removed.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*  The removal statute specifies that a state court defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. . . ."  28 U.S.C. § 1455(a).  Under this provision Scott cannot remove criminal matters from the Pike County Court of Common Pleas, which is located in the Middle District of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  Accordingly, summary remand is appropriate.  Furthermore, to the extent Scott asks this Court to transfer any civil claims to federal courts in

---

[4] Scott is again informed that a two-year statute of limitations applies to civil rights claims under 42 U.S.C. § 1983.  *See supra* n.3.

New York pursuant to 28 U.S.C. § 1404(a), there no basis to do so.  Nor is she entitled to counsel.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Scott's pending Petitions and summarily remand her criminal cases to the Pike County Court of Common Pleas.  An appropriate Order follows.